IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEAN HAGLER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:15-CV-2144-RWS |
| SWAMI I HOSPITALITY | : | |
| CORPORATION, | : | |
| a Domestic For-Profit Corporation, | : | |
| d/b/a SUPER 8, | | |
| | | |
| Defendants. | | |

**ORDER**

This case comes before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [9]. After reviewing the record, the Court enters the following order.

**BACKGROUND**

On June 16, 2015, Plaintiff Dean Hagler filed this action against Defendant Swami I Hospitality Corporation alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. (Am. Compl., Dkt.[9] ¶ 1.) Plaintiff alleges that he "suffered from an inherited neurological disorder," which rendered him partially paralyzed and requires

him to use a wheelchair. (Id. ¶ 3.)

Defendant is the owner and operator of a Super 8 hotel in Marietta, Georgia (the "Hotel"). (Id. ¶ 4; Mem. of Law in Supp. of Def.'s Mot. to Dismiss Compl. ("Def.'s Mem. in Supp."), Dkt. [9-1] at 2.)  Plaintiff alleges that he has visited the Hotel in the past and desires to visit it in the future, but that he has encountered certain architectural barriers which have impaired his ability to access the Hotel and use its services. (Am. Compl., Dkt.[9] ¶¶ 6-9.) Specifically, Plaintiff claims (1) the accessible parking spaces are insufficient; (2) there is no clear, marked path from the accessible parking to the Hotel; (3) the existing curb ramp protection is inadequate; (4) the landings at the top of those curb ramps are not level and/or of an insufficient length; (5) the curb ramp flares are inadequate; (6) there are insufficient directional and informational signs; (7) the restrooms are inaccessible; and (8) there is no accessible entry to the Hotel's pool and pool area.  (Id. ¶ 10.)

Plaintiff seeks a declaration that the Hotel was in violation of the ADA and an order requiring Defendant (1) "to alter its facilities to make them accessible to persons with disabilities to the full extent required by law," and (2) "to require Defendant to evaluate and neutralize its policies, practices and

procedures towards persons with disabilities and undertake remedial measures." (Id. at 7-8.) Plaintiff also seeks an award of reasonable attorney's fees and other expenses of litigation. (Id. at 8.)

Defendant argues that Plaintiff's Amended Complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because this Court lacks subject matter jurisdiction and because Plaintiff has failed to state a claim upon which relief may be granted. The Court addresses each in turn.

## DISCUSSION

Courts are to rule on jurisdictional issues before considering the merits of a complaint. Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 (11th Cir. 1999). Therefore, the Court first considers whether Plaintiff has standing to bring his claim and, accordingly, whether the Court has subject matter jurisdiction.

I.    Rule 12(b)(1) – Standing

To establish standing, a plaintiff must demonstrate: (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical;" (2) "a causal connection between the conduct and the injury complained of;" and (3) redressability of the injury by a favorable

3

decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (citations and internal quotation marks omitted).  Moreover, a plaintiff seeking injunctive relief cannot rely only on past injury to satisfy the injury requirement but must show a likelihood of future harm.  City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983).  In the ADA context, "a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury.' Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers 'imminent injury.'"  Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1138 (9th Cir. 2002); accord Gomez v. Dade Cty. Fed. Credit Union, 610 F. App'x 859, 863 (11th Cir. 2015) ("In Title III cases, plaintiff must prove he is likely to suffer discrimination in the future, either because he intends to return to a noncompliant establishment, or because defendant's misconduct deterred his patronage.").

Defendant appears to contest standing on two grounds: (1) the Court can offer no relief for Plaintiff because the Hotel complies with the ADA; and  (2)

4

Plaintiff did not visit the Hotel, so he could not have suffered an actual injury.[1] (See Def.'s Mem. In Supp., Dkt. [9-1] at 7,8.)  Those challenges are predominately factual.

"Factual attacks" under Rule 12(b)(1) challenge "subject matter jurisdiction in fact, irrespective of the pleadings." Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction–its very power to hear the case–there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  The plaintiff's

---

[1] The Court notes it is unclear whether Defendant has made these assertions in support of its challenge under 12(b)(1) or 12(b)(6).  Because Eleventh Circuit precedent has addressed similar factual disputes as attacks on subject matter jurisdiction, this Court will also consider them as such.  See, e.g., Houston v. Marod Supermarkets, Inc., 733 F.3d 1323 (11th Cir. 2013).  Defendant also mentions in its brief that Plaintiff has filed twenty-five identical ADA claims against hotel owners in the metro-Atlanta area.  (Def.'s Mem. in Supp., Dkt [9-1] at 2.)  The Court recognizes those claims might be used to cast doubt on Plaintiff's sincerity to return to the Hotel "in the near future," thereby challenging his ability to obtain injunctive relief and potentially barring the Court's jurisdiction.  (Am. Compl., Dkt. [8] ¶ 9.)  In Houston, however, the Eleventh Circuit concluded that "tester motive" does not negate the availability of injunctive relief, even in a case where the defendant "attached to its motion a list of 271 cases in which [the plaintiff] or an advocacy group he represent[ed] was a party . . . ." Houston, 733 F.3d at 1326.  Moreover, Defendant has not listed any specific cases to which Plaintiff is a party, nor has it included any evidence to challenge the sincerity of Plaintiff's stated intent to return to the Hotel.

5

allegations do not receive presumptive truthfulness and "disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

In some instances, however, a factual challenge also implicates the underlying cause of action. Where jurisdiction is "inextricably intertwined" with the merits of the lawsuit–that is, where a decision on one would effectively decide the other–"the proper course of action . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.'" Lawrence, 919 F.2d at 1529 (quoting Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir. 1981)); see also Turcios v. Delicias Hispanas Corp., 275 F. App'x 879, 880 (11th Cir. 2008) ("Jurisdiction becomes intertwined with the merits of a cause of action when 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" (quoting Garcia, 104 F. 3d at 926)).

Defendant's first challenge is intertwined with the merits of Plaintiff's claim. Defendant contends that the Hotel is fully compliant with the ADA, and, as a consequence, Plaintiff cannot demonstrate an actual or imminent injury or that any injury will be redressed by a favorable decision. (Def.'s

6

Mem. in Supp., Dkt. [9-1] at 7.)  The existence of Plaintiff's cause of action depends entirely on whether Defendant is in violation of Title III of the ADA.  Plaintiff, in other words, cannot obtain injunctive relief–the only form of relief available under the ADA–unless there is a threat of immediate, future injury, but there can be no such threat unless the Hotel continues to be non-compliant with the ADA.  Determining whether there is an ADA violation would require a factual inquiry that would effectively decide the outcome of Plaintiff's case.  Defendant, moreover, has produced no evidence to support a factual finding that the Hotel is ADA-compliant.  The Court, therefore, is unwilling to resolve such a dispute at this phase of the proceedings.

      Defendant's second contention is that Plaintiff cannot satisfy the injury-in-fact requirement of Article III because Plaintiff was never a guest of the Hotel. (Def.'s Mem. in Supp., Dkt. [9-1] at 8.)  "Bona fide patron status" is not a prerequisite for standing under Title III of the ADA.  <u>Houston v. Marod Supermarkets, Inc.</u>, 733 F.3d 1323, 1334 (11th Cir. 2013).  Therefore, the fact that Defendant has no record of Plaintiff registering as a guest does not defeat jurisdiction.   Nevertheless, Defendant also seems to contest whether Defendant

7

even visited the property at all.[2]  (See Def.'s Mem. in Supp., Dkt. [9-1] at 8.) The Court cannot reach that conclusion based on the filings before it.  In a factual challenge to subject matter jurisdiction, the Court may "consider extrinsic evidence such as deposition testimony and affidavits." Carmichael v. Kellog, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). Defendant, however, has not produced any evidence to support its contention that Plaintiff did not visit the Hotel.  As consequence, the Court must rest its decision on the facts as alleged in Plaintiff's Amended Complaint.  In particular, Plaintiff has stated that he "visited the subject property" where he was denied full access to the Hotel and its services due to certain architectural barriers, which "he personally encountered." (Am. Compl., Dkt. [8] ¶ 7.)

---

[2] The Court does not reach the issue of whether Plaintiff is required to have visited the Hotel to satisfy Article III's standing requirements.  Other courts, however, have interpreted section 12188(a)(1) of the ADA to mean that actual knowledge of non-compliance is sufficient for standing purposes. See, e.g., Resnick v. Magical Cruise Co., Ltd., 148 F. Supp. 2d 1298, 1302 (M.D. Fla. 2001) (defining "actual notice" as either encountering discrimination or learning of "alleged violations through expert findings or personal observation" (citation omitted)).  Section 12188(a)(1) delineates that a disabled individual is not required "to engage in a futile gesture if such person has actual notice that a person or organization covered by [Title III] does not intend to comply with its provisions." 42 U.S.C. § 12188(a)(1).  Therefore, Plaintiff might have suffered an injury-in-fact even if he did not personally encounter the architectural barriers described in his Complaint but received actual notice of their existence.  Based on the filings before it, however, the Court need not decide whether actual notice is a sufficient ground for standing and, if so, whether Plaintiff is able to avail himself of Title III's "futile gesture" exception.

Plaintiff, moreover, provided a description of each of those architectural barriers. (Id. ¶ 10.) Under Title III of the ADA, a disabled individual's right to "the full and equal enjoyment" of a place of public accommodation is violated when he encounters architectural barriers that discriminate on the basis of his disability. See 42 U.S.C. § 12182(a), (b)(2)(A)(iv). Therefore, based on the filings before it, the Court cannot conclude as a matter of law that Plaintiff did not suffer an actual injury under the ADA. Defendant's Motion to Dismiss under Rule 12(b)(1) is therefore **DENIED**.

II.  Rule 12(b)(6) – Failure to State a Claim

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550

9

U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Rather, a plaintiff's complaint must identify enough facts, taken as true, to raise a reasonable expectation that discovery will reveal evidence supporting the claim. Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (citing Twombly, 550 U.S. 544, 556 (2007)).

Title III of the ADA sets out that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the . . . facilities . . . or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Hotels are expressly included as places of "public accommodation." 42 U.S.C. § 12181(7)(A). In addition, Section 12182(b)(2) provides examples of discrimination, including the "failure to remove architectural barriers . . . in existing facilities." 42 U.S.C. § 12182 (b)(2)(A)(iv).

In his Complaint, Plaintiff alleges that he is confined to a wheelchair due to an "inherited neurological disorder" that resulted in partial paralysis. (Am. Compl., Dkt. [8] ¶ 3.) Plaintiff further alleges, and Defendant has not disputed,

10

that Defendant is the owner and operator of the Hotel. (Id. ¶ 4; accord Def.'s Mem. in Supp., Dkt. [9-1] at 2.)  In addition, Plaintiff alleges that he personally visited the Hotel where he encountered architectural barriers that impaired his ability to access and utilize the Hotel and its amenities.  (Am. Compl., Dkt. [8] ¶¶ 7-8.)  Plaintiff's complaint describes eight of those architectural barriers, which he further alleges have not yet been redressed by Defendant.  (Id. ¶¶ 10, 12.) These facts, taken as true as they must be on a motion to dismiss, are sufficient to allow Plaintiff to survive the Motion and proceed to discovery.

The Court finds that Plaintiff has pled sufficient facts to give Defendant notice of the claims against it and enough details to allow an investigation of the claims asserted.  Accordingly, Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [9] is **DENIED**.

**SO ORDERED**, this 23rd day of February, 2016.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)